IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-177 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a pre-trial detainee at the Charles B. Webster Detention Center in Augusta, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

### I. BACKGROUND

Petitioner filed the petition on January 10, 2018, alleging four defects in the prosecution of his felony case in the Superior Court of Richmond County as follows:

1) The Clerk of Court did not enter any minutes for the grand jury proceeding that produced his indictment, rendering the indictment invalid.

2) Counsel rendered ineffective assistance by refusing to communicate with him and failing to investigate his claims regarding the defective indictment.

3) The district attorney and defense counsel violated Due Process by not ensuring a written record of the grand jury proceedings was produced.

> 4) The district attorney engaged in vindictive prosecution and prosecutorial misconduct and the judge is unfairly prejudicial.

(Doc. no. 4.)

Petitioner alleges an indictment date of June 15, 2016. (Id. at 2.) Publicly available records confirm Petitioner currently has a pending felony case against him in the Superior Court of Richmond County with the same indictment date charging him with armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. State v. Henderson, Case No. 2016RCCR00856 (Richmond County Superior Court June 15, 2016), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2016RCCR00856, last visited Jan. 24, 2018); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Attorney Jason R. Hasty represents him in his state court proceedings. State v. Henderson, Case No. 2016RCCR00856. The Court issued an order for a mental evaluation in that case on November 1, 2016, which is still pending. Id. In addition, Petitioner filed a *pro se* motion to quash the indictment and *pro se* demand for a pretrial special demurrer, which the Court denied on January 19, 2018. Id.

## II. DISCUSSION

### A. Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v.

Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (same). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, it prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceeding. Indeed, publicly available records show that Petitioner filed two *pro se* motions seeking similar relief from the state court in his pending case. State v. Henderson, Case No. 2016RCCR00856. Moreover, Petitioner does not state he has attempted, let alone been denied the opportunity to pursue, any other relief via collateral proceedings in the state courts of Georgia. See Hughes v. Coursey, No. CV 110-077, 2010 WL 3338696, at *2 (S.D. Ga. July 27, 2010), *adopted by*, 2010 WL 3338694 (S.D. Ga. Aug. 20, 2010) ("In Georgia, the proper method for challenging improper pre-trial detention . . . is a state petition for a writ of habeas corpus.") Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B.   <u>Younger</u> Abstention

The petition should also be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. In Younger v. Harris, the Supreme Court held "absent

3

extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner claims the district attorney is engaging in malicious prosecution, he fails to make "substantial allegations" with evidentiary support that his state prosecution is motivated by bad faith. See Younger, 401 U.S. at 48 (noting allegations in previously decided case granting injunction were "substantial"). Nor has Petitioner made any allegation of irreparable injury. Finally, Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of January, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA